UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK STEELE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:25-CV-405-TAV-JEM |
| | ) |
| TN RANCH, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on plaintiff's Motion to Strike and for Entry of Clerk's Default [Doc. 21], pursuant to Federal Rules of Civil Procedure 12(f) and 55. Defendants Drew Miller and Disaster Preparedness, LLC ("Fortitude Ranch") have responded [Docs. 23, 24]. Plaintiff has not replied, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1(a). Accordingly, this matter is ripe for review. *See id.* For the reasons set forth below, plaintiff's motion [Doc. 21] is **GRANTED in part** and **DENIED in part**.

## I.    Background

On August 18, 2025, plaintiff filed a complaint against defendants TN Ranch, LLC, Fortitude Ranch, Drew Miller, and Chad Myers [Doc. 1]. On September 2, 2025, plaintiff filed summons returned executed for Fortitude Ranch and Miller, which provided that defendants[1] were served on August 20, 2025 [*See* Docs. 11, 12]. On September 22, 2025,

---

[1] For purposes of this motion only, "defendants" will refer solely to defendants Fortitude Ranch and Miller.

defendants filed a joint answer to the complaint [Doc. 16].  This joint answer described defendants as being "pro se" [*Id.* at 1].

The same day, plaintiff applied to the Clerk of Court for default against Miller [Doc. 19].  The next day, plaintiff filed the instant motion, moving the Court to strike the answer filed by Fortitude Ranch and direct the Clerk to enter default, or, in the alternative, direct the Clerk to enter default because of Fortitude Ranch's failure to answer the complaint within the time provided by Federal Rule of Civil Procedure 12(a)(1)(A) [Doc. 21].[2]  In support of this motion, plaintiff provides that Miller, CEO and Managing Member of Fortitude Ranch, filed an answer for Fortitude Ranch 12 days *after* the September 10, 2025, deadline [*Id.* at 2].  Plaintiff further asserts that Miller is not an attorney licensed to practice law in Tennessee, and therefore, the answer he submitted on behalf of Fortitude Ranch, a limited liability company, is of no effect [*Id.* at 2–3 (citations omitted)].  In total, plaintiff contends that since Fortitude Ranch's answer is of no effect, the Clerk should enter default against Fortitude Ranch [*Id.* at 3].  Alternatively, plaintiff argues that the Clerk should enter default due to the belatedness of Fortitude Ranch's answer [*Id.* (citing to Fed. R. Civ. P. 12(a)(1)(A))].

On October 7, 2025, Miller responded individually to plaintiff's application for entry of Clerk's default against him [Doc. 23].  In his response, Miller alleges that he was not properly served [*Id.* at 1].  Furthermore, he submits that he has been working to obtain

---

[2]  To note, plaintiff originally filed the instant motion as an Application for Clerk's Default against Fortitude Ranch [*see* Doc. 18] but refiled after being instructed by the Clerk's Office to use the proper event type [*See* Doc. 20].

2

an attorney licensed to practice in Tennessee but has been having difficulty acquiring one, requesting that the Court give him additional time to do so [*Id.* at 3].

On October 9, 2025, defendants filed a collective, counseled response to plaintiff's applications for entry of Clerk's default against them [Doc. 24]. In their response, defendants move the Court to deny plaintiff's applications for entry of Clerk's default against them and request an additional 10 days to file an appropriate answer on behalf of Fortitude Ranch and amend the *pro se* answer previously filed by Miller [*Id.* at 1]. As to plaintiff's default application against Miller, defendants raise the issue of service of process and contend that plaintiff's application does not meet the requisites of Federal Rule of Civil Procedure 55 because it is not accompanied with an affidavit as to the amount owed [*Id.* at 1–2]. As to plaintiff's default application against Fortitude Ranch, defendants assert that Fortitude Ranch was not properly served, and Fortitude Ranch's answer was timely filed [*Id.* at 2]. Furthermore, Fortitude Ranch submits that it seeks an extension to refile an answer given it is now properly represented [*Id.*]. On October 13, 2025, defendants filed a motion to dismiss for insufficient process and insufficient service of process [Doc. 26].

II.     **Relevant Law and Analysis**

    A.     **Request to Strike**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike under Rule 12(f) are addressed within the sound discretion of the Court, although they are generally disfavored." *Hashemian v.*

3

*Louisville Reg'l Airport Auth.*, No. 3:09-CV-951, 2013 WL 1788473, at *5 (W.D. Ky. Apr. 26, 2013) (citing *Ameriwood Indus. Intern. Corp. v. Arthur Anderson & Co.*, 961 F. Supp 1078, 1083 (W.D. Mich. 1997)).

It is well settled that "[c]orporations cannot appear *pro se* in federal court and must retain counsel." *Honorable Ord. of Ky. Colonels, Inc. v. Ky Colonels Int'l*, No. 3:20-CV-132, 2024 WL 1722179, at *2 (W.D. Ky. Apr. 22, 2024); *accord Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Austin v. Mobifyi, LLC*, No. 2:20-CV-2285, 2020 WL 4284807, at *1 (W.D. Tenn. July 27, 2020) (citations omitted) (noting that the magistrate judge had explained that "business organizations, including LLCs, cannot appear pro se in federal court"). Therefore, any pleading "filed *pro se* on behalf of a corporation is wholly without effect." *Kirby v. Memphis Sec. Co.*, No. 1:01-CV-151, 2003 WL 22509412, at *5 (E.D. Tenn. Nov. 5, 2003) (citation omitted).

Given the answer [Doc. 16] by Fortitude Ranch, an LLC, was filed *pro se* on its behalf, such pleading is wholly without effect, and therefore, it will not be considered. *See id.* Accordingly, to the extent plaintiff seeks to strike Fortitude Ranch's answer, such motion is **GRANTED**, and the answer [Doc. 16] is **STRICKEN** to the extent that it is filed on behalf of Fortitude Ranch.

B.  **Request for Entry of Default Judgment**

As previously stated, plaintiff also requests, in addition to striking Fortitude Ranch's answer, that the Court direct the Clerk of Court to enter default against Fortitude Ranch [Doc. 21, p. 1]. Plaintiff submits that, because Fortitude Ranch's answer is without effect, it has "failed to plead or otherwise defend" pursuant to Rule 55(a) [*Id.* at 3].[3]

As mentioned previously, shortly after plaintiff filed his motion [*id.*], defendants filed a counseled response to plaintiff's applications for entry of default, requesting, in part, additional time to file an appropriate answer on behalf of Fortitude Ranch [Doc. 24, p. 1]. And subsequently, defendants filed a motion to dismiss for insufficient process and insufficient service of process [Doc. 26].

Given Fortitude Ranch appears to have now obtained counsel, and such counsel has filed a motion to dismiss, the Court does not find it appropriate to direct the Clerk of Court to enter default against Fortitude Ranch. *See generally* Fed. R. Civ. P. 12(b) (providing that a motion asserting any of the 12(b) defenses "must be made before pleading if a responsive pleading is allowed"). Rather, the Court will consider defendants' motion to dismiss as timely filed and rule on it in due course.

### III. Conclusion

For the reasons stated above, the Court **GRANTS** plaintiff's motion [Doc. 21] to the extent it requests that Fortitude Ranch's answer [Doc. 16] be **STRICKEN**. However,

---

[3] Plaintiff also submits the affidavit of his counsel in support of his request for the entry of default [Doc. 21-1].

to the extent plaintiff requests that the Court direct the Clerk to enter default as to Fortitude Ranch, such request is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE